59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Ramon ZAZUETA, Defendant-Appellant.
 No. 94-10393.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1995.*
Decided June 21, 1995.
 
 Before: HUG, ALARCON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Ramon Zazueta pled guilty to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846 and possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Zazueta to 60 months of incarceration. Zazueta's plea was conditioned on his appeal to us from the district court's denial of his motion to suppress evidence derived from an investigatory stop of a yellow Chevrolet Suburban he was driving. We affirm.
 
 
 3
 On December 4 or 5, 1993, a confidential informant tipped Tucson police officers that a yellow Chevrolet Suburban with tinted windows would be used to transport marijuana from a duplex. The informant stated that the movement of marijuana from the duplex was "imminent." The officers had already been surveilling this duplex for several weeks, at the suggestion of the same informant.
 
 
 4
 A police officer drove by the duplex at about 4:00 p.m. on December 6, 1993, and observed a yellow Chevrolet Suburban parked in front of the duplex. He called for support, and the decision was made to stop the Suburban after it left the house. Shortly after 5:30 p.m., the Suburban pulled away from the duplex and proceeded northward. The police followed the vehicle and pulled it over several miles from the house. Zazueta had been driving the Suburban.
 
 
 5
 We conclude that the tip from the confidential informant, as corroborated by independent police work, exhibited sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop. Alabama v. White, 496 U.S. 325 (1990).
 
 
 6
 First, the call was made a day or two in advance. Thus the presence of the yellow Chevrolet Suburban was not "a condition presumably existing at the time of the call." Id. at 332. Significantly, the informant was able to predict the future condition. Id. In addition, the police independently verified significant aspects of the informant's predictions: they observed that the vehicle was the right model, make and color; it arrived within one or two days of the tip; and it arrived at the duplex, as the tipster had advised. Thus, "there was reason to believe not only that the caller was honest but also that he was well informed, at least well enough to justify the stop." Id. Because the informant was right about some things, we conclude the police were justified in relying on his information about other things, namely that the vehicle would be transporting marijuana. Id. at 331 (agreeing with Illinois v. Gates, 462 U.S. 213, 244 (1983)).
 
 
 7
 We conclude that, under the facts of this case, the totality of the circumstances of the tip (whether anonymous or not) as corroborated, exhibited sufficient indicia of reliability to justify the investigatory stop of Zazueta's car.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3